NUMBER
13-00-391-CR

 

                             COURT OF APPEALS

 

                   THIRTEENTH DISTRICT OF TEXAS

 

                       CORPUS CHRISTI
- EDINBURG 

 

WILLIAM  ANTHONY 
ROGERS,                                             Appellant,

 

                                                   v.

 

 STATE OF TEXAS,                                                                Appellee.

 

 

                  On appeal from the County
Criminal Court No. 2   

                                   of Dallas County, Texas.

 

 

                                      OPINION

 

        Before Chief Justice Valdez and Justices
Dorsey and Rodriguez

                        Opinion by Chief
Justice Rogelio Valdez

 

 








Following a jury
trial, appellant, William Anthony Rogers, was convicted of arson and sentenced
to seventeen years imprisonment in the Institutional Division of the Texas
Department of Criminal Justice.  See
Tex. Pen. Code Ann. ' 28.02 (Vernon Supp. 2002).  We affirm the judgment of the trial
court.  

                                                      Introduction

Before addressing the
merits of this appeal, we must decide whether to allow appellant to file an
amended pro se brief replacing the brief filed by appellant=s appointed counsel.  Under
Texas Rule of Appellate Procedure 38.7, a brief may be amended or supplemented
whenever justice requires, on whatever reasonable terms the Court may
prescribe.  Tex. R. App. P. 38.7.








Appellant=s appointed counsel filed a brief herein contending that the evidence
is legally and factually insufficient to support the conviction; the trial
court erred in admitting evidence of extraneous acts committed by appellant;
and appellant received ineffective assistance of counsel.  The State responded to this brief.  Appellant subsequently filed a motion herein
requesting permission to file a pro se amended brief containing five
issues.  In his pro se brief,
appellant contends that the trial court erred in allowing the State to amend
the indictment without giving notice to appellant, and such amendment
prejudiced appellant=s substantial and constitutional rights; the evidence is legally
insufficient to support his conviction; and there is a fatal variance between
the indictment and the proof at trial. 
Upon receipt of appellant=s motion, we remanded the cause to the trial court for a hearing
regarding appellant=s representation on appeal.  

On remand, following
the required hearing, the trial court allowed appellant to dismiss his
court-appointed counsel, refused to appoint him new counsel, and permitted
appellant to proceed pro se.  According to the trial court=s findings of fact and conclusions of law, the trial court found that
appellant=s counsel had rendered
effective assistance and that appellant was not entitled to have new counsel Awho is agreeable to him@ appointed. 

Based on the hearing
held in the trial court and the motions filed in this Court, we will allow
appellant to file his pro se amended brief, and will consider the issues
raised therein. 
See Tex. R. App. P.
38.7.  However, under the particular
circumstances present in the instant case, we will, in the interest of justice,
also consider and address the issues raised by appellant=s appointed counsel.

                                        Amendment
of the Indictment

The original
indictment alleged that, on January 13, 1999, appellant did Aunlawfully, then and there intentionally start a fire with intent to
destroy and damage a habitation, owned by RAYMOND FRANCIS, knowing that it was
within the limits of DALLAS, an incorporated city and town.@  On February 7, 2000, the day
of trial, the court granted the State=s motion to strike part of the indictment, specifically excluding the
language Aowned by Raymond
Francis@ from the indictment,
and allowed the State to proceed to trial on the remaining part of the
indictment.  








Appellant argues that
(1) the trial court erred in allowing the State to amend the indictment without
first giving notice to the appellant, (2) the trial court erred in allowing the
State to amend the indictment because it prejudiced appellant=s substantial rights, (3) the trial court erred in allowing the State
to amend the indictment because it prejudiced appellant=s constitutional rights, and (4) due to the amendment, there is a
fatal variance between the indictment and the proof at trial.

The State may not
amend an indictment over the defendant=s objection on the day of trial, but before trial commences.  Tex. Code Crim. Proc. Ann. art.
28.10 (Vernon 1989); see State v. Murk, 815 S.W.2d 556, 558 (Tex. Crim. App. 1991).  In
the instant case, defendant=s counsel objected to the amendment, but did not specify the basis for
his objection, nor did he request additional time to prepare for trial.  We question whether counsel=s objection was sufficient to preserve error.  See Tex.
R. App. P. 33.1(a).  Nevertheless, we will proceed to address the
substance of appellant=s complaint.








Assuming that error
was preserved, the trial court erred in amending the indictment on the day of
trial.  Tex.
Code Crim. Proc. Ann. art.
28.10 (Vernon 1989); Murk, 815 S.W.2d at 558.  We must determine what harm, if any, the
error caused.  Wright v. State, 28
S.W.3d 526, 531-32 (Tex. Crim. App. 2000), cert.
denied, 121 S.Ct. 885 (2001).  The error is not constitutional,
therefore, we will disregard the error unless we conclude that it has affected
appellant=s substantial
rights.  See Tex. R. App. P. 44.2; Wright, 28 S.W.3d at 531-32. 
As further discussed herein, we conclude that appellant=s substantial rights were not affected by the amendment.

Appellant=s argument that the amendment to the indictment caused a fatal
variance between the indictment and the proof at trial finds its genesis in the
surplusage rule. 
According to the surplusage rule, allegations
which are not essential to constitute the offense, and which might be entirely
omitted without affecting the charge against the defendant, and without
detriment to the indictment, are disregarded. Gollihar v. State, 46
S.W.3d 243, 250 (Tex. Crim. App. 2001).  However, an exception to the surplusage rule provides that, if the State alleges a
necessary person, place, or thing with unnecessary particularity, the State is
required to prove the indictment as alleged. 
Id. 

The Texas Court of
Criminal Appeals overruled both the surplusage rule
and its exception in Gollihar, instead
adopting a test based on materiality.  Gollihar, 46 S.W.3d at 256-57; see Santana
v. State, 59 S.W.3d 187, 195 (Tex. Crim. App.
2001).  In the case of an alleged
variance between the evidence presented at trial and the allegations in the
charging instrument, we apply the following two-pronged test to determine
whether a defendant=s
substantial rights have been prejudiced:

A variance between the wording of an indictment and the evidence presented
at trial is fatal only if >it is material and prejudices [the defendant=s] substantial rights.=  When reviewing such a
variance, we must determine whether the indictment, as written, informed the
defendant of the charge against him sufficiently to allow him to prepare an
adequate defense at trial, and whether prosecution under the deficiently
drafted indictment would subject the defendant to the risk of being prosecuted
later for the same crime.








Gollihar, 46 S.W.3d at 257 (adopting test articulated by United States v. Sprick, 233 F.3d 845, 853 (5th Cir. 2000)); see
Santana, 59 S.W.3d at 195.  

Based on this test, we
conclude that the deletion of the phrase in the indictment, Aowned by Raymond Francis,@ was harmless.  Appellant
neither contends that he lacked adequate notice of the offense charged by the
indictment as amended, nor that he was surprised by the amendment.  In variance law, it is well-settled that the
burden of demonstrating surprise or prejudice rests with the defendant.  Santana, 59 S.W.3d
at 194.  This burden does not
implicate appellant=s fifth amendment rights.  See id.  We conclude that appellant was sufficiently
informed of the charges against him to prepare an adequate defense at trial. Gollihar, 46 S.W.3d at 257; see Santana, 59
S.W.3d at 195. 

Moreover, prosecution
under the amended indictment would not subject appellant to subsequent
prosecution for the same crime.  In this
regard, we note that, if prosecuted again, appellant may avail himself of the
entire record, and not merely the charging instrument, in avoiding prosecution
a second time for the same offense.  Santana,
59 S.W.3d at 195; Gollihar,
56 S.W.3d at 258.  

Appellant has not
alleged or shown that he was unable to prepare a defense, or that prosecution
under the indictment would subject him to the risk of subsequent prosecution
for the same offense, thus, we conclude that any variances between the
indictment and the proof offered at trial were not material.  Therefore, appellant=s substantial rights were not affected by the amendment to the
indictment. 








 Based on the foregoing, we overrule each of
appellant=s issues concerning
the amendment to the indictment.

                                        Legal
and Factual Sufficiency

Appellant next attacks
the legal and factual sufficiency of the evidence supporting the arson
conviction.

A legal
sufficiency review calls upon the appellate court to view the relevant evidence
in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of
the crime beyond a reasonable doubt.  Jackson v. Virginia, 99 S.Ct.
2781, 2789 (1979); Johnson v. State, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000) (en banc); Jackson v. State, 17
S.W.3d 664, 667 (Tex. Crim. App. 2000).  In a legal sufficiency review, the fact
finder remains the exclusive judge of the credibility of the witnesses and of
the weight to be given their testimony.  See
Barnes v. State, 876 S.W.2d 316, 321 (Tex. Crim. App. 1994). 
The appellate court serves to ensure the rationality of the fact finder,
but does not disregard, realign, or weigh the evidence.  Moreno v. State, 755
S.W.2d 866, 867 (Tex. Crim. App. 1988).








A factual
sufficiency review dictates that the evidence be viewed in a neutral light,
favoring neither party.  See Johnson,
23 S.W.3d at 7 (citing Clewis v. State,
922 S.W.2d 126, 134 (Tex. Crim. App. 1996)).  In conducting a factual sufficiency review,
the appellate court asks whether a neutral review of all of the evidence, both
for and against the jury=s finding, demonstrates that the proof of guilt is so obviously
weak as to undermine confidence in the jury=s determination, or the proof of guilt, although adequate if
taken alone, is greatly outweighed by contrary proof.  Id. at 11.  We may disagree with the fact finder=s determination only when the record indicates such a step is
necessary to arrest the occurrence of a manifest injustice; otherwise, due
deference must be accorded to the fact finder=s determinations, particularly those findings concerning the
weight and credibility of the evidence.  Id.
(citing Jones v. State, 944 S.W.2d 642, 648-49 (Tex. Crim. App. 1996)).      

Appellant argues that
the State failed to prove the allegation contained in the original indictment,
that is, that the property at issue was owned by Raymond Francis.  The sufficiency of the evidence is measured
by the elements of the offense as defined by the hypothetically correct jury
charge for the case.  Malik v. State, 953
S.W.2d 234, 240 (Tex. Crim. App. 1997).  This hypothetically correct charge is one
that accurately sets out the law, is authorized by the indictment, does not
unnecessarily increase the State=s burden of proof or unnecessarily restrict the State=s theories of liability, and adequately describes the particular
offense for which the defendant was tried. 
Id.  However, a
hypothetically correct charge need not incorporate allegations that give rise
to immaterial variances.  Gonzales,
46 S.W.3d 243. 
As noted previously, the deletion of the phrase Aowned by Raymond Francis,@ did not give rise to a material variance, thus the State need not
have proved that the property at issue was owned by Francis.  








A review of the record
evidence shows that the facts underlying the conviction are as follows.  Appellant dated Marina Lara for several
months.  Lara broke up with appellant and
began dating Adam Armstrong.  Following
the break-up, appellant continued to have feelings for Lara, and told a friend
that he wanted to hurt Armstrong. 
Appellant was indicted for setting fire to Armstrong=s apartment building.  The fire
originated in a common hallway immediately adjacent to Armstrong=s apartment door, and was discovered at approximately 10:00 a.m. on
January 13, 1999.

At around 7:00 a.m. on
the day of the fire, Armstrong saw appellant sitting in his truck at Armstrong=s apartment complex.  One of
Armstrong=s neighbors, James
Fowler, identified appellant as the individual he saw in the apartment hallway
fifteen to forty-five minutes before the fire was discovered.  Fowler identified appellant through a
photographic line-up and through in-court identification.  

Appellant worked for
Parkland Hospital as a physical therapist in the burn unit.  Although he was supposed to be at work at the
time of the fire, several of appellant=s co-workers testified that they were looking for appellant at the
time of the fire but were unable to find him. 
Parkland Hospital and Armstrong=s apartment are in close proximity. 
According to testimony adduced at trial, the time period during which
appellant was missing was sufficiently lengthy for appellant to leave the
hospital, go to Armstrong=s apartment, set a fire, and return to the hospital.








The evidence is
legally sufficient to support the verdict. 
Any rational trier
of fact could have found the essential elements of the crime beyond a
reasonable doubt.  Johnson, 23 S.W.3d at 7.

Appellant=s arguments regarding various inconsistencies or weaknesses in the
testimony concern the factual sufficiency of the evidence.  Appellant complains that the presence of an
accelerant was not confirmed through testing. 
Appellant alleges that Fowler=s identification of appellant was unreliable due to Fowler=s poor vision and Fowler=s inconsistent evaluations of the time elapsing between seeing appellant
at the apartment and the time before the fire was discovered.  Appellant further argues that some evidence
showed that he was at the hospital during at least some of the relevant periods
of time during which the fire was alleged to have been set.








Nevertheless, we
conclude that the jury=s verdict withstands application of the standard of review.  We can reverse for factual insufficiency only
if the verdict is so contrary to the overwhelming weight of the evidence as to
be clearly wrong and unjust, and we cannot reject a fact finder=s credibility determination unless the record clearly reveals a
different result is appropriate.  See
Johnson, 23 S.W.3d at 7-9.  Although the record contains some
contradictory evidence, we cannot conclude that the record clearly requires a
different result or that the evidence contrary to the verdict overwhelms the
evidence supporting it.  The jury could
accept or reject any or all of the evidence presented at trial.  See Fitts v.
State, 982 S.W.2d 175, 187 (Tex. App.BHouston [1st Dist.] 1998, pet. ref=d).  The circumstantial evidence
in this case could have led a rational jury to determine beyond a reasonable
doubt that appellant set a fire with the intent to damage or destroy Armstrong=s building. Ultimately, the jury is the sole judge of the credibility
of the witnesses, and we defer to the jury=s determination.  We overrule
appellant=s issues regarding the
legal and factual sufficiency of the evidence.

                                                      Other
Acts

Appellant contends
that the trial court erred in admitting evidence regarding other acts allegedly
committed by appellant prior to the fire. 
Specifically, appellant complains that the trial court should not have
admitted evidence that he repeatedly telephoned Lara, sometimes asking her to
get back together and sometimes hanging up without speaking, that she saw him
walking around her home on one occasion at 4:00 a.m., that a doorknob on her
back door had been dismantled immediately after she discovered him on her
property, and that appellant admitted committing similar acts with a prior
girlfriend.  

We review the trial
court=s admission of evidence under an abuse of discretion standard of
review.  Montgomery
v. State, 810 S.W.2d 372, 391 (Tex. Crim. App.
1991) (op. on reh=g).  We will not reverse a trial court=s evidentiary ruling that is within the zone of reasonable
disagreement.  Id.;
see Feldman v. State, No. 73, 654, 2002 Tex. Crim.
App. LEXIS 39, *36 (February 19, 2002).








Texas Rule of Evidence
404(b) establishes that evidence of Aother crimes, wrongs or acts is not admissible to prove the character
of a person in order to show action in conformity therewith.@  Tex. R. Evid. 404(b).  Such evidence is, however, admissible for
other purposes, such as motive, opportunity, intent, preparation, plan,
knowledge, identity, or absence of mistake or accident.  Id. 


By presenting evidence
of appellant=s acts, the State was
able to present to the jury evidence pertaining to appellant=s motive and intent regarding the arson, that is, appellant=s unrequited affection for Lara and his continued presence in her
vicinity.  This evidence, coupled with
the evidence that appellant wanted to harm appellant=s boyfriend, is evidence tending to prove appellant=s intent and motive in committing the arson.  Thus, the evidence had relevance apart from
character conformity, and the trial court acted within its discretion in
admitting it.  Montgomery, 810 S.W.2d at 389.  

 While we recognize that evidence of extraneous
acts may be somewhat prejudicial, we cannot say, given the totality of the
evidence in the instant case, that the testimony was substantially more
prejudicial than probative.  Tex. R. Evid. 402, 403; see Feldman,
2002 Tex. Crim. App. LEXIS 39, *36.  Because the trial court=s ruling was not without the zone of reasonable disagreement, we will
not disturb its ruling on appeal.  See
id.  We therefore overrule appellant=s issue regarding the admission of extraneous acts.

                                              Ineffective
Assistance

Appellant contends
that he received ineffective assistance of counsel, and the cumulative effect
of counsel=s deficient
performance denied him a fair trial.  








Strickland v.
Washington, 466 U.S. 668 (1984),
sets forth the proper standard of review for effectiveness of counsel.  See Thompson v. State, 9 S.W.3d 808,
812 (Tex. Crim. App. 1999); Hernandez v. State,
988 S.W.2d 770, 772 (Tex. Crim. App. 1999).  Strickland requires a two-part
inquiry.  The defendant must first show
that counsel=s performance was
deficient, i.e., that his assistance fell below an objective standard of
reasonableness. Thompson, 9 S.W.2d at 812.  Second, the defendant must further prove that
there is a reasonable probability that but for counsel=s deficient performance, the result of the
proceeding would have been different.  Id.  A reasonable probability is a probability
sufficient to undermine confidence in the outcome.  Id. 

The determination
regarding whether a defendant received effective assistance of counsel must be
made according to the facts of each case. 
Id.  An appellate court
looks to the totality of the representation and the particular circumstances of
the case in evaluating the effectiveness of counsel.  Id.

 The appellant bears the burden of proving by a
preponderance of the evidence that counsel was ineffective.  Id. at 813.  There is a strong presumption that counsel=s conduct fell within the wide range of reasonable professional
assistance.  Strickland, 466 U.S.
at 689; see Davis v. State, 930 S.W.2d 765, 767 (Tex. App.BHouston [1st Dist.] 1996, pet. ref=d).  To defeat the presumption
of reasonable professional assistance, Aany allegation of ineffectiveness must be firmly founded in the
record, and the record must affirmatively demonstrate the alleged ineffectiveness.@  McFarland
v. State, 928 S.W.2d 482, 500 (Tex. Crim. App.
1996).








Appellant first
complains that counsel was ineffective because counsel failed to object to
hearsay testimony provided by Investigator Graves regarding what various
witnesses told Graves during his investigation. 
However, as admitted by appellant, each of these witnesses later
testified at trial.  Thus, counsel=s failure to object was rendered harmless,
and appellant is unable to show that there is a reasonable probability that but
for counsel=s deficient
performance, the result of the proceeding would have been different.  Thompson, 9 S.W.2d
at 812. 








Appellant further
complains that counsel failed to request a pretrial hearing on the
admissibility of a photographic line-up or and object to the photographic
line-up used to identify appellant. 
Appellant bases this assertion on Fowler=s testimony regarding the line-up that Athe only thing that I can remember is they were all fairly thin, but
they didn=t look alike.@  In contrast, an investigator
testified that the photographic line-up was prepared by utilizing appellant=s hospital identification photograph, and procuring other hospital
identification photographs of men  whom the investigator Amatched . . . up as close as I could,@ to appellant, considering both age and hair color.  See Epps v. State, 811 S.W.2d 237, 244
(Tex. App.BDallas 1991, no pet.) (physical traits of
individuals in photographic line-up need not be identical to accused).  The investigator then showed Fowler the photographs
and asked Fowler  if
he recognized anyone in the photographs. 
Fowler identified appellant, and then positively reaffirmed his
identification of appellant as the individual whom he saw in the apartment
hallway.  Based on these proceedings, we
cannot conclude that the line-up was impermissibly suggestive.  

Moreover, the key to
determining the admissibility of identification testimony is the witness=s reliability.  Webb v. State, 70 S.W.2d 263, 269 (Tex. Crim.
App. 1988).  A witness will be
allowed to make an in-court identification despite a
suggestive pre-trial procedure if the totality of the circumstances demonstrate
the witness=s ability to identify
the perpetrator originated independently from the suggestive procedure.  See Loserth v.
State, 963 S.W.2d 770, 772 (Tex. Crim. App. 1998).  In
order to constitute error, the photographic identification procedure must have
been so impermissibly suggestive as to give rise to a very substantial
likelihood of irreparable misidentification. 
Id.; see Conner v. State, 67 S.W.3d 792, 200 (Tex. Crim. App. 2001).

In this case, Fowler
nearly ran into the appellant in the apartment hallway.  He gave an extremely detailed account of
appellant=s appearance,
including height, hair color, eye color, attractiveness, and clothing.  Fowler=s identification of appellant was unequivocal.  Viewing the totality of the circumstances,
Fowler=s identification of
appellant was reliable.  Because any
objection to the line-up or in-court identification would have been
unsuccessful, we cannot conclude counsel was ineffective in failing to object.   








Appellant argues that counsel failed to timely file pretrial motions and obtain
rulings thereon.  However, the failure to
file pretrial motions, or obtain rulings thereon, is not necessarily
ineffective assistance of counsel.  Huynh
v. State, 833 S.W.2d 636, 638 (Tex. App.BHouston [14th Dist.] 1992, no pet.).

Appellant further
argues that counsel committed error by failing to have carpeting from the
burned area of the apartment building tested for the presence of an
accelerant.  However, one of the
investigators at trial testified that there was not enough carpeting left
following the fire to sample, thus any such request for testing would have been
futile.  Therefore, without more, we
cannot conclude that counsel was ineffective.

Given the standard of
review for effectiveness of counsel, appellant has not met his burden to prove
that trial counsel=s representation fell below an objective standard of reasonableness and
that this deficient performance prejudiced his defense. In the instant case,
the record does not address counsel=s rationale regarding the foregoing actions or inactions.  Thus, fundamentally, the record is not sufficient
to rebut Strickland >s presumption that the challenged action of trial counsel was the
result of Asound trial strategy.@  See Strickland, 466
U.S. at 689.  








We are limited to the
record before us on direct appeal.  See Thompson, 9 S.W.3d at 814-15 (contrasting direct
appeals and habeas proceedings in cases involving ineffective assistance).  Appellant is free to pursue his
ineffectiveness claim on collateral review where the facts surrounding trial
counsel's representation may be developed at an evidentiary hearing.  See Robinson v. State, 16 S.W.3d 808,
813 n. 7 (Tex. Crim. App. 2000); Hernandez v.
State, 726 S.W.2d 53, 56 (Tex. Crim. App.
1986).  Appellant=s issue regarding ineffective assistance of counsel is overruled.

The judgment of the
trial court is affirmed.

 

____________________      ROGELIO VALDEZ

Chief
Justice

 

Do not publish.

Tex. R. App. P. 47.3.

 

Opinion
delivered and filed

this the 6th day of June, 2002.