The STATE of Texas, Appellee,

v.

Ronald Gustave MURK, Appellant.

No. 1347–89.

Court of Criminal Appeals of Texas, En Banc.

April 17, 1991.

Rehearing Denied Sept. 18, 1991.

---

Rick L. Cohen, Mindy D. Cohen, Dallas, for appellant.

John Vance, Dist. Atty., and Kathleen A. Walsh and Linda Sherrard, Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty., Austin, for State.

## OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

OVERSTREET, Judge.

Appellant was convicted of public lewdness and sentenced to thirty days, probated for one year, and a $200 fine. The court of appeals reversed and dismissed the information. We granted the State's petition for discretionary review in order to determine whether appellant waived his claim of error by not objecting to the information under Article 1.14(b), V.A.C.C.P.

The information in pertinent part originally read that appellant did

> then and there knowingly engage in an act of sexual contact with Albert Pagan, hereinafter called other person, said sexual contact being a touching of the genitals through the clothing of said other person, with the hand of said defendant, with the intent to arouse and gratify the sexual desire of said defendant, while said persons were in a public place, ...

Before trial the State amended the information by deleting the phrase "with the intent to arouse and gratify the sexual desire of said defendant." The appellant made no objection to the amendment.

At the end of the State's case, the appellant moved for an instructed verdict on the ground that the information failed to allege an offense on which he could be tried. The trial court overruled the motion and the appellant appealed.

The court of appeals held that the information did not charge an offense and was fundamentally defective. 775 S.W.2d 415. Reasoning that the information failed to allege a culpable mental state, the court of appeals found that the trial court lacked jurisdiction. The court of appeals relied on *Victory v. State*, 547 S.W.2d 1 (Tex.Cr.App. 1976). In *Victory*, the offense charged was indecency with a child by engaging in sexual contact with the child. We reversed that case because the indictment failed to allege a culpable mental state. *Id.* at 2. In light of our recent decision in *Studer v. State*, 799 S.W.2d 263 (Tex.Cr.App.1990), it appears at first glance that the court of appeals' decision should be reversed. *Studer* was our first chance to interpret 1985 amendments to Article 1.14, V.A.C.C.P., and Article V, § 12, Tex. Const., concerning defects in charging instruments. *Studer* upheld the amendments' requirement that a defendant must object to a defect of form or substance before he can complain about it on appeal.

The defendant in *Studer* was convicted of indecent exposure. On appeal he claimed error because the information failed to allege act or acts which constituted recklessness in compliance with Article 21.15, V.A.C.C.P.[1] The defendant there did not make an objection to the information before trial as required by Article 1.14, V.A.C.C.P. and Article V, § 12, Tex. Const. Because no objection was made, we held that error was waived. *Id.* at 273.

Article 1.14(b) states that a defect of form or substance is waived if no objection is made before the date trial commences. The defect here, the failure to allege a culpable mental state, was one of substance. Only those defects going to notice are defects of form. *Id.* at 267, note 5. Under Article 1.14(b) and *Studer*, appel-

---

1. Article 21.15, V.A.C.C.P., reads:

Whenever recklessness or criminal negligence enters into or is a part or element of any offense, or it is charged that the accused acted recklessly or with criminal negligence in the commission of an offense, the complaint, information, or indictment in order to be sufficient in any such case must allege, with reasonable certainty, the act or acts relied upon to constitute recklessness or criminal negligence, and in no event shall it be sufficient to allege merely that the accused, in committing the offense, acted recklessly or with criminal negligence.

lant's failure to object to the defect should prevent his complaining about it on appeal. The appellant argues that the failure to allege a culpable mental state renders the information fundamentally defective and thus the trial court lacked jurisdiction to convict him.

We rejected a somewhat similar argument in *Studer*. In *Studer*, we held that an indictment or information does not have to allege every element of an offense to invest the trial court with jurisdiction. *Id.* at 271–72. The appellant distinguishes *Studer* because there the defect in the information was a failure to allege the facts that constituted recklessness. Appellant claims his situation is different because the defect in his information was the failure to allege a culpable mental state.

We cannot agree that the two cases are distinguishable along those lines. In *Studer* we found that "a substance defect is, among other things, a failure to allege an element of an offense in the charging instrument." *Id.* at 268. A culpable mental state has always been an element of an offense. Thus, the failure to allege it in the information was a defect of substance, which required an objection.

*Studer* and the instant case are distinguishable, but only in that the indictment in *Murk* became objectionable (lack of culpable mental state) to the appellant on the day of trial, not before the date on which trial commences as contemplated in Article 1.14(b), V.A.C.C.P.

Simply put, *Murk* is not an Article 1.14(b), V.A.C.C.P., case and our decision to grant review to determine whether the appellant waived error under Article 1.14(b), V.A.C.C.P., by failing to object was improvident.

We reiterate that *Studer* stands for the position that a defendant cannot fail to object to a defective charging instrument, then be convicted, then later claim that there was error in going to trial upon the defective instrument. Such is codified at Article 1.14, V.A.C.C.P. Appellant in *Murk* was likewise faced with a defective charging instrument; however, it did not

become defective until the day of trial, as the State chose to amend it at that time.

Procedures regarding amendments to charging instruments are governed by Article 28.10, V.A.C.C.P. Article 28.10(a) relates to amendments "before the date the trial on the merits commences." Article 28.10(b) relates to amendments "after the trial on the merits commences." Article 28.10 does not provide for procedures when an amendment is made on the day of trial but prior to the trial commencing. Section (a) does provide for amendment over a defendant's objection, while Section (b) allows for amendment if the defendant does not object at all.

The State amended the indictment at a time reading the clear language of Article 28.10(a) and (b), V.A.C.C.P., when such was not contemplated and/or addressed by said statute. Quite simply, the State amended the indictment not in compliance with the applicable statute.

The window of opportunity used by the State is not permissible under Article 28.10(a) nor (b). While the State is permitted to amend with notice up until the *day before* trial commences and *after* the trial commences the statute does not address day of, but before the trial commences. The statute may be termed permissive because it allows amendments and mandatory because it mandates when changes are permitted. At any rate, the State did what was not permitted nor did it follow the mandates of a clear statute. Even though the appellant acquiesced, error is error.

If one is inclined to complain of error on appeal, the rule is to raise it at trial or it is waived on appeal. Tex.R.App.Proc. 52(a).

Judgment of the court of appeals is reversed and the trial court's judgment is affirmed.

CLINTON, J., dissents because appellant did raise the issue by motion for directed verdict.

BAIRD, J., concurs in result.

CLINTON, Judge, dissenting.

The single ground for review presented by the State is based solely on Article 1.14(b), V.A.C.C.P., *viz*:

"The Court of Appeals erred in holding that appellant did not waive his objection to the information under Tex.Code Crim. Proc.Ann. art. 1.14(b)."

PDR, at 2. It first raised the question of waiver in oral argument before the court of appeals, which rejected the contention, reversed judgment below and ordered the information dismissed. *Murk v. State,* 775 S.W.2d 415, at 416–417 (Tex.App.—Dallas 1989).

Article 1.14(b) purports to fault an accused who "does not object to a defect, error, or irregularity of form or substance in an indictment or information *before the date on which the trial on the merits commences*[.]"[1] Here, appellant had no cause to object before the day of trial. Thus the majority is constrained to find "*Murk* is not an Article 1.14(b), V.A.C.C.P., case," *ergo* "our decision to grant review [to determine waiver under 1.14(b) ] was improvident." Opinion at 558.

Although that determination should finally dispose of this cause, nonetheless the majority plows ahead to conclude that even though "the state did what was not permitted ... error is error." *Id.,* at 558. On that thesis, the majority still faults appellant for failure to raise the error at trial, thus waiving it on appeal. Instead of Arti-

cle 1.14(b), however, the majority gratuitously cites Tex.R.App.Pro. Rule 52(a). *Ibid.* Therefore, appellant now complains the Court erred in holding that he waived his right to object under Rule 52(a). I would grant the motion to examine the propriety of filling a legislative void by application of a procedural rule at this late date.

Because Article 1.14(b) is not implicated here, the opinion of this Court in *Studer* is inapposite.[2] Because the State has never invoked Rule 52(a), and also because appellant moved for an instructed verdict on the ground that the information, as amended, is fatally insufficient (S.F. 47–48), this Court should not reverse the judgment of the court of appeals on the basis of Rule 52(a); if the rule is worthy of any consideration in this context, the cause should be remanded to that court to determine the question in the first instance. See, e.g., *Tallant v. State,* 742 S.W.2d 292, at 294–295 (Tex.Cr.App.1987); cf. *Rochelle v. State,* 791 S.W.2d 121 (Tex.Cr.App.1990).

Accordingly, I respectfully dissent.[3]

MALONEY, J., joins.

---

1. All emphasis here and throughout this opinion is mine unless otherwise indicated.

2. In *Studer v. State,* 799 S.W.2d 263 (Tex.Cr. App.1990), the Court seized "our first opportunity to interpret the 1985 amendments to Art. 1.14, V.A.C.C.P., and Art. V, § 12, Tex.Const., concerning defects in charging instruments." *Id.,* at 264. After analyzing what it considered to be germane matters, the Court pronounced its conclusions, *viz*:

"The result reached by the court of appeals is correct. Under the foregoing construction of Art. V., § 12 and Art. *1.14(b)* the error is waived. The information in this case ... fails to allege the acts relied upon by the State to constitute recklessness, a defect we held in *Gengnagel* [*v. State,* 748 S.W.2d 227 (Tex.Cr. App.1988) ] was one of substance. Although the information ... is substantively defective, it was, on its face, an information as contem-

plated by Art. V, § 12. Once presented to the trial court 'by an attorney for the State,' the trial court obtained jurisdiction of the cause. Subsequently, it was incumbent upon appellant *under Art. 1.14(b)* to lodge an objection to this substantive defect. Since appellant failed to make any pre-trial objection to the substance error in the information, it is waived. See *Helms* [*v. State,* 484 S.W.2d 925 (Tex.Cr. App.1972) ]."

*Id.,* at 273. (Presumably *Helms* is cited because Studer pled nolo contendere to an information that purported to charge an offense under V.T.C.A. Penal Code, § 21.08, thus implicating the pleading requirements as to recklessness in Article 21.15, V.A.C.C.P.)

3. Since Article 1.14(b) is not applicable in the circumstances, it may not be said that appellant waived "any defect, error, or irregularity" in the amended information on that account.

Rule 52(a) premises "preserving a complaint for appellate review." The majority identifies the "error" here as the State doing "what it was not permitted [by law to do]." Opinion at 558. But an accused need not object to a motion to amend the charging instrument on the day trial is about to commence unless he contemplates complaining that *any* amendment at that time is, as the majority finds, "not permitted." As to content of the proposed amendment, if the State is practically amending itself out of court, where is it written that an accused must protest that the prosecution may be placing itself under a disadvantage? In our vaunted adversarial system of justice an accused is entitled to have his lawyer devise a trial strategy calculated to protect his rights, and to execute it through defensive tactics sanctioned by law. To remain passive while a prosecutor obtains leave of court to amend a charging instrument moments before trial does not preclude an accused from invoking appropriate protective procedures during trial, including a motion for instructed verdict, pertinent objections to and germane requested instructions for a jury charge, motion for new trial, motion in arrest of judgment, et cetera.

In the instant cause, presentment of the original information invested the trial court with jurisdiction over the subject matter and the parties. Article V, § 12. The amendment made by the State would not divest the court of its power "to determine all essential questions 'and to do any and all things with reference thereto authorized by the Constitution and statutes, or permitted ... under established principles of law.' *Cleveland v. Ward,* 116 Tex. 1, 285 S.W. 1063, 1069 (1926)." *Garcia v. Dial,* 596 S.W.2d 524, 527–528 (Tex.Cr.App.1980). One essential question posed by appellant in his motion for instructed verdict is whether by its amended information the State so "redefined the portion of sexual contact to be sexual conduct in the 'touching of genitals through the clothing of said other person with the hand of said defendant,' and striking, 'with the intent to arouse and gratify the sexual desire of said person,'" as to fail to allege on offense. (S.F. 47–48). In effect, that motion raised an issue of the authority of the court to find appellant guilty and to render judgment on that finding—in short, fundamental error. Rule 52(a) does not bar appellant from presenting that issue on appeal. *West v. State,* 567 S.W.2d 515, at 516 (Tex.Cr.App. 1978); see *Ex parte Rogers,* 589 S.W.2d 132 (Tex.Cr.App.1979); *Ex parte Winton,* 549 S.W.2d 751 (Tex.Cr.App.1977).