Larry D. HICKS, Appellant,

v.

The STATE of Texas, Appellee.

No. A14–92–00148–CR.

Court of Appeals of Texas, Houston (14th Dist.).

Sept. 30, 1993.

Wilton Waldrop, Houston, for appellant.

Mary Peter Cudd, Matthew Rienstra, Angleton, for appellee.

Before J. CURTISS BROWN, C.J., and ELLIS and LEE, JJ.

## OPINION

J. CURTISS BROWN, Chief Justice.

The appellant pled not guilty to the offense of aggravated perjury. A jury found him guilty and assessed punishment at imprisonment for 10 years, and a $5,000 fine. He raises two points of error on appeal.

In his first point, the appellant alleges that the trial court committed fundamental error by allowing the State to amend the indictment on the day of trial. The indictment alleged, in part, that the appellant stated under oath that he had never been convicted of a felony or misdemeanor punishable by jail time or a fine exceeding two hundred dollars, when, in fact, he had six prior convictions. On the day of trial, but before the jury was impanelled, the trial court granted the State's Motion to Amend the Indictment. The amendment changed the number of prior convictions from six to one. The appellant argues that allowing the amendment on the day of trial constituted fundamental error.

The appellant bases his first point of error on Article 28.10 of Texas Code of Criminal Procedure. Subsection (a) of 28.10 allows the State to amend an indictment "before the date the trial on the merits commences."

TEX.CODE CRIM.PROC.ANN. art. 28.10(a) (Vernon 1989). Subsection (b) of 28.10 prohibits the State from amending an indictment after the trial on the merits commences if the defendant objects. TEX.CODE CRIM.PROC. ANN. art. 28.10(b) (Vernon 1989). The Court of Criminals Appeals has construed Article 28.10 to be an absolute prohibition against amendments to the indictment on the day of trial before the commencement on the trial on the merits. *State v. Murk*, 815 S.W.2d 556, 558 (Tex.Crim.App.1991). In *State v. Murk*, the Court of Criminal Appeals held that it was error for the State to amend an indictment during this period. *See id.* The court reasoned that the State is confined to the "window of opportunity" provided in 28.-10(a) and (b) in amending an indictment. *Id.*

However, *Murk* does not control our decision because the language changed by the State was surplusage. Allegations in an indictment that are not essential to constitute the offense are treated as mere surplusage and therefore do not need to be proven by the State. *Whetstone v. State*, 786 S.W.2d 361, 364 (Tex.Crim.App.1990). An exception to this rule is the State must prove an unnecessary fact plead in an indictment when the fact describes an essential element of the offense. *Id.* Stated another way, allegations not essential to constitute the offense, and which might be entirely omitted without affecting the charge against the defendant, may be disregarded. *Burrell v. State*, 526 S.W.2d 799, 802 (Tex.Crim.App.1975).

Under the Texas Penal Code, a person commits perjury if, "with the intent to deceive and with knowledge of the statement's meaning: (1) he makes a false statement under oath ... and (2) the statement is required ... by law to be made under oath." TEX.PENAL CODE ANN. § 37.02 (Vernon 1989). The offense becomes a felony when it is made during an official proceeding and is material. TEX.PENAL CODE ANN. § 37.03 (Vernon 1989).

The language changed by the State in the appellant's indictment was cumulative and nonessential to the charged offense. Proof of the additional convictions of the appellant is not required by the perjury statute. It is enough that the appellant lied about a single

prior conviction. As a result, the language changed by the State was superfluous to the proof needed to convict the appellant. We overrule the appellant's first point of error because the State should not be prohibited from amending a fact in an indictment that it would not be required to prove if the indictment was not amended. *Cf. Babers v. State,* 834 S.W.2d 467, 470 (Tex.App.—Houston [14th Dist.] 1992, no pet.) (holding the state may always abandon or delete language not necessary to prove the elements of the crime charged).

In his second point of error, the appellant contends the trial court erred by allowing the State to introduce evidence of three additional prior convictions during the guilt-innocence stage. The appellant recognizes that the State had to prove that he had one prior conviction in order to prove the perjury charge. However, he argues that it was error for the trial court to allow evidence of more than one conviction. We disagree. Evidence of the prior convictions was admissible for several reasons. Rule 404(b) of the Texas Rules of Criminal Evidence provides that evidence of other crimes is admissible to prove, among other things, absence of mistake, knowledge, and intent. TEX.R.CRIM. EVID. 404(b). The additional convictions were admissible to show that the appellant had not mistakenly or accidentally forgotten about his past. Similarly, they were relevant to show that the appellant knew that his statement was false. We overrule the second point of error.

The judgment of the trial court is affirmed.