NO. 07-01-0124-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



JANUARY 7, 2002



______________________________




GEORGE ALVIN FINCHER, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 251ST DISTRICT COURT OF RANDALL COUNTY;



NO. 9,520-C; HONORABLE PATRICK A. PIRTLE, JUDGE



_______________________________



Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

 Appellant George Alvin Fincher seeks to appeal a judgment of the 251st District 
Court convicting him of the felony offense of sexual assault after his plea of guilty. Finding
we have no jurisdiction over this appeal, we dismiss.

 In an indictment filed November 16, 1995, appellant was charged with a sexual
assault alleged to have occurred December 30, 1994. Counsel was appointed to represent
appellant and the case was called for trial on March 5, 2001. Before any other
proceedings, the State sought to amend the indictment by changing the name of the victim. 
Defense counsel affirmatively represented the defense had no objection to the
amendment. The prosecution proceeded to clarify the defense waiver applied, even
though the amendment occurred on the day of trial. The defense repeated its waiver of
any objection to the amendment.

 Appellant proceeded to plead guilty pursuant to a plea agreement. The trial court
questioned appellant concerning his understanding of his rights and the effect of his plea. 
The court specifically addressed the amendment to the indictment asking if the change
was "acceptable to you?" Appellant personally replied, "Oh quite, yes, sir." The trial court
found appellant guilty and imposed a sentence of ten years confinement in conformity with
the plea agreement. After sentence was imposed, appellant waived his right to appeal in
writing. Nevertheless, he filed a general notice of appeal on April 1, 2001. Appellant now
presents two issues for our review. They both concern the trial court's authority to allow
an amendment to the indictment on the day of trial. 

 Although not raised by the parties, it is our duty to determine our jurisdiction over
this appeal. Because appellant's conviction was from an agreed plea and the punishment
assessed did not exceed that recommended by the prosecutor, the requirements of Texas
Rule of Appellate Procedure 25.2(b) are applicable. That rule provides a notice of appeal
in this circumstance must (a) specify that the appeal is for a jurisdictional defect; (b) specify
the substance of the appeal was raised by written motion ruled on before trial; or (c) state
the trial court granted permission to appeal. Tex. R. App. P. 25.2(b). Appellant filed a
general notice of appeal which did not meet the requirements of Rule 25.2(b). Appellant
presents no argument why this rule is not applicable. 

 Because appellant has not satisfied the mandatory requirements of Texas Rule of
Appellate Procedure 25.2(b), we must dismiss this appeal for want of jurisdiction. See
Cooper v. State, 45 S.W.3d 77 (Tex.Crim.App. 2001). Moreover, contrary to appellant's
contention, any error in permitting an amendment on the day of trial is subject to waiver. 
State v. Murk, 815 S.W.2d 556, 558 (Tex.Crim.App. 1991). We dismiss this appeal for
want of jurisdiction.

 Per Curiam

Do not publish.



PAN STYLE="font-size: 10pt">Appellant did send the court a letter, received on September 29, 2004, in which he stated that he had
written his lawyer to tell her he need "a time extention [sic]." He also stated he has sent in a "time reduction"
to several persons and wants to continue to try to get his time reduced. Because an extension was previously
granted him, because he does not explain why another is needed, and because he fails to specify the length
of the extension sought, we overrule his request for a further delay.