NO. 07-01-0124-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JANUARY 7, 2002

_____


GEORGE ALVIN FINCHER, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 251ST DISTRICT COURT OF RANDALL COUNTY;

NO. 9,520-C; HONORABLE PATRICK A. PIRTLE, JUDGE

_____

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

Appellant George Alvin Fincher seeks to appeal a judgment of the 251st District Court convicting him of the felony offense of sexual assault after his plea of guilty. Finding we have no jurisdiction over this appeal, we dismiss.

In an indictment filed November 16, 1995, appellant was charged with a sexual assault alleged to have occurred December 30, 1994. Counsel was appointed to represent

appellant and the case was called for trial on March 5, 2001. Before any other proceedings, the State sought to amend the indictment by changing the name of the victim. Defense counsel affirmatively represented the defense had no objection to the amendment. The prosecution proceeded to clarify the defense waiver applied, even though the amendment occurred on the day of trial. The defense repeated its waiver of any objection to the amendment.

Appellant proceeded to plead guilty pursuant to a plea agreement. The trial court questioned appellant concerning his understanding of his rights and the effect of his plea. The court specifically addressed the amendment to the indictment asking if the change was "acceptable to you?" Appellant personally replied, "Oh quite, yes, sir." The trial court found appellant guilty and imposed a sentence of ten years confinement in conformity with the plea agreement. After sentence was imposed, appellant waived his right to appeal in writing. Nevertheless, he filed a general notice of appeal on April 1, 2001. Appellant now presents two issues for our review. They both concern the trial court's authority to allow an amendment to the indictment on the day of trial.

Although not raised by the parties, it is our duty to determine our jurisdiction over this appeal. Because appellant's conviction was from an agreed plea and the punishment assessed did not exceed that recommended by the prosecutor, the requirements of Texas Rule of Appellate Procedure 25.2(b) are applicable. That rule provides a notice of appeal in this circumstance must (a) specify that the appeal is for a jurisdictional defect; (b) specify the substance of the appeal was raised by written motion ruled on before trial; or (c) state

the trial court granted permission to appeal. Tex. R. App. P. 25.2(b). Appellant filed a general notice of appeal which did not meet the requirements of Rule 25.2(b). Appellant presents no argument why this rule is not applicable.

Because appellant has not satisfied the mandatory requirements of Texas Rule of Appellate Procedure 25.2(b), we must dismiss this appeal for want of jurisdiction. *See Cooper v. State*, 45 S.W.3d 77 (Tex.Crim.App. 2001). Moreover, contrary to appellant's contention, any error in permitting an amendment on the day of trial is subject to waiver. *State v. Murk*, 815 S.W.2d 556, 558 (Tex.Crim.App. 1991). We dismiss this appeal for want of jurisdiction.

Per Curiam

Do not publish.