IN THE

TENTH COURT OF
APPEALS




 
 
 
 
 
 
 


 



No. 10-03-00229-CR

 

Ramsis R. Maddison,

                                                                      Appellant

 v.

 

The State of Texas,

                                                                      Appellee

 

 

 



From the 194th District Court

Dallas County, Texas

Trial Court # F02-43228

 



MEMORANDUM 
Opinion



 

Ramsis R. Maddison was charged by
indictment with aggravated sexual assault of a child under fourteen.  Tex.
Pen. Code Ann. § 22.021(a)(B)(i) (Vernon Supp. 2004-05).[1]  The morning of trial, but prior to trial
commencing, the State filed a motion to amend the indictment to a charge under Tex. Pen. Code Ann. §
22.021(a)(B)(iii).  The State’s motion
was granted, and Maddison pled guilty to this amended indictment.  The judge assessed punishment at forty years
in prison.  Maddison appeals in four
issues: (1) must the Defendant object to an unlawful motion to amend an
indictment to preserve a complaint; (2) error when a magistrate granted the
State’s motion to amend the indictment; (3) error in admitting the video taped
confession without the prosecutors’ having provided the tape to the defense twenty
days prior to the plea hearing; and (4) error in conducting a portion of the
trial without the presence of the defendant. 
We will overrule all issues and affirm the judgment.

INDICTMENTS
AND CONFESSION

The original indictment stated that
Maddison:

did unlawfully then and there intentionally and
knowingly cause the contact and penetration of the anus of JOHN PSEUDONYM
(PSEUDONYM), a child, who was not then the spouse of the defendant, by an
object, to-wit: the sexual organ of the defendant, and, at the time of the
offense, the child was younger than 14 years of age.

 

The certificate of service on the
motion to amend indictment states that it was hand delivered to “Defendant’s
attorney at CDC 2 on the 29th day of April, 2003.”  This motion was approved by the judge on April 29,
 2003.  The amended indictment states that Maddison:

did unlawfully then and there intentionally and
knowingly cause the sexual organ of John Pseudonym (pseudonym), a child who was
not then the spouse of the defendant, to contact and penetrate the anus of the
defendant, and, at the time of the offense, the child was younger than 14 years
of age.

 

Maddison stated in his judicial
confession, which was modified before being signed for a second time on April 29,
 2003, that he:

unlawfully then and there intentionally and
knowingly cause the contact and penetration of the anus of defendant by an
object, to wit: the sexual organ of the John Pseudonym (Pseudonym), a child,
who was not then the spouse of the defendant, and, at the time of the offense,
the child was younger than 14 years of age.

 




ISSUE ONE: OBJECTION TO MODIFIED INDICTMENT

Maddison admits
that defense counsel did not object to the motion to amend indictment.  He argues that an objection is not mandatory
to preserve error on appeal.  The State
argues that an objection is mandatory, and because Maddison did not object, he
failed to preserve his complaint for appellate review.

The State filed
its motion to amend indictment the day of but prior to the commencement of
trial.  The State sought to amend the
indictment to charge Maddison with a different manner and means of committing
the offense.  The record does not show an
objection by defense counsel after being served with the motion or even after
the motion was granted.

An indictment may not be amended
over the defendant's objection as to form or substance if the amended
indictment or information charges the defendant with an additional or different
offense or if the substantial rights of the defendant are prejudiced.  Tex.
Code Crim. Proc. Ann. art.
28.10(c) (Vernon 1989).  In
a case with very similar facts regarding the timing of amending the indictment,
the Texas Court of Criminal Appeals has stated:

Procedures regarding amendments to charging
instruments are governed by Article 28.10, V.A.C.C.P. Article 28.10(a) relates
to amendments “before the date the trial on the merits commences.” Article
28.10(b) relates to amendments “after the trial on the merits commences.”
Article 28.10 does not provide for procedures when an amendment is made on the
day of trial but prior to the trial commencing. Section (a) does provide for
amendment over a defendant's objection, while Section (b) allows for amendment
if the defendant does not object at all.

 

The State amended the indictment at a time[,]
reading the clear language of Article 28.10(a) and (b), V.A.C.C.P., when such
was not contemplated and/or addressed by said statute. Quite simply, the State
amended the indictment not in compliance with the applicable statute.

 

The window of opportunity used by the State is
not permissible under Article 28.10(a) nor (b). While the State is permitted to
amend with notice up until the day before trial commences and after the trial
commences the statute does not address day of, but before the trial commences.  The statute may be termed permissive because
it allows amendments and mandatory because it mandates when changes are
permitted. At any rate, the State did what was not permitted nor did it follow
the mandates of a clear statute. Even though the appellant acquiesced, error is
error.

 

If one is inclined to complain of error on
appeal, the rule is to raise it at trial or it is waived on appeal.
Tex.R.App.Proc. 52(a).

 

State v. Murk, 815
S.W.2d 556, 558 (Tex. Crim. App. 1991).  The
Court held that the state’s amendment was improper, but appellant’s failure to
object at trial constituted a waiver.  Id.

Accordingly, we find that the State’s motion to amend the indictment
was improper, but without an objection by defense counsel, Maddison waived his
right to complain of this error on appeal. 
See id.  An objection to an
improper amendment to an indictment is required to preserve the complaint.  See
id.  We overrule issue one.








ISSUE
TWO: MAGISTRATE SIGNING AMENDED INDICTMENT

Maddison argues that it was reversible
error for the magistrate to sign the order granting the State’s motion to amend
the indictment without district court authorization.  The State argues that Maddison’s claim is
without merit because the magistrate did not sign the amendment.  We agree with the State.  It is clear from the record that the
magistrate did not sign the order granting the amendment; the “JUDGE” did.  Thus, we overrule issue two.

ISSUE THREE:
VIDEOTAPED CONFESSION

Maddison argues that the State
should have provided him with the videotape at least twenty days prior to the
plea hearing and sentencing hearing.  The
State argues that this issue is not preserved for argument on appeal.

The following dialogue occurred at
the sentencing hearing:

MR. CORRIGAN [for the State]: To begin with,
Judge, we’ll offer State’s Exhibit Number 1, the videotape of the confession of
the defendant, which I showed to counsel yesterday.

THE COURT: Any objection?

MR. PHILLIPS [defense counsel]: No, Your Honor.

THE COURT: State’s Exhibit 1 is admitted into
evidence.  How long does this take?

 

Therefore, it is clear from the record that
defense counsel did not object to the admission of the videotaped confession.

Once evidence is admitted without
objection, such evidence enjoys a status equal to that of all other admissible
evidence.  Marin v. State, 851 S.W.2d 275, 278-79 (Tex. Crim. App. 1993), overruled on other grounds by Cain v. State,
947 S.W.2d 262, 264 (Tex. Crim. App. 1997). 
Accordingly, we find that Maddison did not preserve a complaint relating
to failing to provide the videotape to him twenty days in advance.  See
Tex. R. App. P. 33.1; Marin, 851 S.W.2d at 278-79.  We overrule issue three.

ISSUE
FOUR: RIGHT OF CONFRONTATION

Maddison argues that the trial
court’s viewing of his videotaped confession alone in chambers violated his
right to be present during his trial (right of confrontation).  The State also argues that this issue is not
preserved for argument on appeal.

The dialogue at the sentencing
hearing continued:

THE COURT: State’s Exhibit 1 is admitted into
evidence.  How long does this take?

MR. CORRIGAN [for the State]: About 35 to 40
minutes.

THE COURT: I’m not going to watch it in here.

MR. CORRIGAN: Do you just want to watch it in
chambers?

THE COURT: Yes.

MR. CORRIGAN: I will take it back.

THE COURT: Anything else?

MR. CORRIGAN: Yes, Judge.  So do all the witnesses, and you’ll watch
this at a later time?

THE COURT: Right?

MR. CORRIGAN: Okay.  Fair enough.

THE COURT: Before I make my ruling.

MR. CORRIGAN: We’ll call Maria Chacon.

THE COURT: Thank you.

 

. . .

 

THE COURT: All right.  I need to review the videotape, and I have a
meeting that I must attend at noon.  I’ll be back and have
reviewed the videotape by 1:30, and I’ll make my decision at that time.

MR. PHILLIPS [defense counsel]: Thank you.

(Court in recess).

 

Therefore, it is clear from the record that
defense counsel did not object to the judges’ viewing of the videotaped
confession in his chambers.

A defendant waives an alleged
violation of his right to confrontation by failing to object at trial.  Briggs
v. State, 789 S.W.2d 918, 924 (Tex. Crim. App. 1990).  Accordingly, we find that Maddison did not
preserve his complaint regarding a violation of his right to
confrontation.  See Tex. R. App. P.
33.1; Briggs, 789 S.W.2d at 924.  We overrule issue four.

CONCLUSION

Having overruled all
issues, we affirm the judgment.  

 

BILL VANCE

Justice

 

Before Chief Justice Gray,

Justice Vance, and

Justice Reyna

Affirmed

Opinion delivered and filed February
 2, 2005

Do not publish 

[CRP M]











    [1]       Appellant was charged with another
offense of aggravated sexual assault of a child under the age of fourteen
(trial cause number F02-43288, our cause number 10-03-00230-CR).  The trial court heard both at the same time.