**Affirmed and Opinion filed July 23, 2015.**



In The

# Fourteenth Court of Appeals

## NO. 14-14-00262-CR

**ISMAEL TREVINO, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 180th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1416917**

## O P I N I O N

A jury convicted appellant Ismael Trevino of aggravated assault of a household member and assessed punishment at twenty-seven years' confinement. *See* Tex. Penal Code Ann. § 22.02(a)(b)(1). In two issues, appellant contends (1) the evidence is legally insufficient to prove that the complainant was a member of appellant's family, and (2) appellant suffered egregious harm from an allegedly erroneous jury instruction that authorized a conviction if appellant assaulted a member of appellant's household.

The resolution of both of appellant's issues depends on the alleged voidness of the amendment of the indictment on the day of trial, before jury selection, to replace the word "family" with the word "household" when describing appellant's relationship with the complainant.[1]  Appellant contends the hypothetically correct jury charge for measuring the sufficiency of the evidence would require proof that the complainant was a member of appellant's family as alleged in the original indictment because the amendment was "void"; and appellant contends the jury charge was erroneous because it authorized a conviction if the State proved that the complainant was a member of appellant's household.  It is undisputed that there is evidence the complainant was a member of appellant's household and not a member of appellant's family.

We first address whether the amended indictment was void and then address appellant's two issues.  Ultimately, we affirm the trial court's judgment.

## I.    AMENDED INDICTMENT WAS NOT VOID

Amendments to indictments are governed by Article 28.10 of the Texas Code of Criminal Procedure.  *See* Tex. Code Crim. Proc. Ann. art. 28.10.  A plain reading of the statute does not contemplate the amendment of an indictment on the day of trial prior to the commencement of the trial.  *See Sodipo v. State*, 815 S.W.2d 551, 556 n.3 & n.4 (Tex. Crim. App. 1990) (op. on reh'g).  Thus, a trial court errs by allowing the State to amend the indictment on the day of trial before jury selection.  *See id.* at 555–56; *see also Hicks v. State*, 864 S.W.2d 693, 694 (Tex. App.—Houston [14th Dist.] 1993, no pet.) ("The Court of Criminal Appeals

---

[1] It is undisputed that the State sought and obtained leave to amend the indictment about two weeks before trial, but the State failed to physically amend the indictment at that time.  We do not reach the State's argument that obtaining leave, itself, constituted an amendment of the indictment under *Perez v. State*, 429 S.W.3d 639 (Tex. Crim. App. 2014).  *See* Tex. R. App. P. 47.1.

2

has construed Article 28.10 to be an absolute prohibition against amendments to the indictment on the day of trial before the commencement [of] the trial on the merits.").

However, a defendant waives this error by failing to object to the amendment. *Sodipo*, 815 S.W.2d at 556 (citing *State v. Murk*, 815 S.W.2d 556 (Tex. Crim. App. 1991)). In *Murk*, the Court of Criminal Appeals held that the defendant waived this error by not complaining about the error at trial, citing the predecessor to Rule 33.1 of the Texas Rules of Appellate Procedure. *See Murk*, 815 S.W.2d at 558; *see also* Tex. R. App. P. 33.1.

If a complaint regarding the amendment of the indictment on the day of trial may be waived by failing to preserve error in the trial court, such an amendment is merely voidable—it is not void. *See Ex parte Patterson*, 969 S.W.2d 16, 19–20 (Tex. Crim. App. 1998) (holding that when the indictment is voidable, rather than void, the defendant must object to the indictment to prevent waiver of the error).

Having determined that the amended indictment was not void, we now address appellant's two issues.[2]

## II.    SUFFICIENCY OF THE EVIDENCE MEASURED BY AMENDED INDICTMENT

In his first issue, appellant contends the evidence is insufficient to prove his guilt under the hypothetically correct jury charge based on the original indictment.

---

[2] Appellant does not contend that he objected to the trial court's allowing the indictment to be amended, nor does he assert that the amendment itself created reversible error. The record reflects that when the trial court asked the State if it was amending the indictment on the first day of trial before jury selection, appellant's trial counsel responded, "And, Judge, I have to objection to that." The trial court said, "Very good, thank you." In his brief, appellant adds the word "(sic)" after the first use of the word "to," and appellant argues that the amended indictment was void "even if trial counsel expressed no objection." The State similarly asserts that appellant's counsel actually stated he had "no objection."

The sufficiency of the evidence is measured against the hypothetically correct jury charge, which is a charge "authorized by the indictment." *Curry v. State*, 30 S.W.3d 394, 404 (Tex. Crim. App. 2000). When an appellate court concludes that an indictment has been erroneously amended over the defendant's objection, "the hypothetically correct jury charge must be one which is authorized by the original indictment, not the amended indictment." *Id.*

However, in *Curry* the defendant objected to the amendment, and the Court of Criminal Appeals reviewed the merits of the preserved error before addressing the sufficiency of the evidence in light of the original indictment. *See id.* at 397 (noting objection); *id.* at 398–403 (reviewing amendment error).

Appellant cites no authority to suggest that this court should review the sufficiency of the evidence based on the original indictment when the defendant fails to preserve error related to the amendment of the indictment, and we have found none. Nothing in *Curry* suggests that the court would have referred to the original indictment even if the defendant had failed to preserve error related to the amendment.

Here, because the amendment was not void, the hypothetically correct jury charge should be based on the amended indictment, which alleged that the complainant was a member of appellant's household. But appellant does not challenge the sufficiency of the evidence under the amended indictment; he challenges only the sufficiency of the evidence of the complainant's status as a member of appellant's family. Because appellant has not challenged the sufficiency of the evidence to support his conviction under the amended indictment, we overrule his first issue. [3]

---

[3] The State does not contend that any variance between the original indictment and evidence at trial regarding the complainant's status as a family or household member was

4

### III. JURY CHARGE DETERMINED BY AMENDED INDICTMENT

In his second issue, appellant contends he suffered egregious harm because the trial court charged the jury pursuant to the amended indictment, rather than the original indictment.

Generally, a jury charge "must not enlarge the offense alleged and authorize the jury to convict the defendant on a basis or theory permitted by the jury charge but not alleged in the indictment." *Castillo v. State*, 7 S.W.3d 253, 258 (Tex. App.—Austin 1999, pet. ref'd) (collecting cases).[4]  And, "an ***unobjected-to and unwaived*** submission of an unindicted offense in the jury charge followed by a conviction of that offense meets *Almanza*'s 'egregious harm' standard." *Woodard v. State*, 322 S.W.3d 648, 658 (Tex. Crim. App. 2010) (emphasis added).  But, the "right to a grand jury indictment under state law is a waivable right." *Id.* at 657.

As discussed above, error related to the amendment of an indictment is "waived by the defendant failing to object at trial to such amendment." *Sodipo*, 815 S.W.2d at 556.  As discussed above, because the amendment in this case was not void, appellant waived the error by failing to object and obtain a ruling. *See* Tex. R. App. P. 33.1.  Therefore, we use the amended indictment for purposes of analyzing appellant's second issue.

The jury charge accurately followed the amended indictment, which alleged that the complainant was a member of appellant's household.  The trial court did not err by submitting a jury charge in accordance with the amended indictment.

---

immaterial for purposes of a sufficiency analysis, so we do not reach that potential issue. *See generally Gollihar v. State*, 46 S.W.3d 243, 256–58 (Tex. Crim. App. 2001) (discussing material variance doctrine; holding that immaterial variances are disregarded under the hypothetically correct jury charge).

[4] Again, the State does not contend that any variance between the indictment and jury charge related to the complainant's status as a family member or household member was immaterial. *See supra* note 3.

We overrule appellant's second issue.

## IV. CONCLUSION

Having overruled both of appellant's issues, we affirm the trial court's judgment.

/s/        Sharon McCally
                Justice

Panel consists of Chief Justice Frost and Justices Boyce and McCally.

Publish — Tex. R. App. P. 47.2(b).