FILED IN
COURT OF CRIMINAL APPEALS

September 8, 2015

ABEL ACOSTA, CLERK

PD-1057-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 9/3/2015 3:35:56 PM
Accepted 9/8/2015 11:10:54 AM
ABEL ACOSTA
CLERK

**NO. PD-1057-15**

## COURT OF CRIMINAL APPEALS

## *TEXAS RULES OF APPELLATE PROCEDURE,* RULE 68.4

---

### ISMAEL TREVINO

### v.

### THE STATE OF TEXAS

---

### On Petition for Discretionary Review from the Fourteenth Court of Appeals in No. 14-14-00262-CR Affirming the Conviction in No. 1416917 from the 180th Judicial District Court of Harris County, Texas

---

### APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

---

**ALLEN C. ISBELL**
**2016 Main St., Suite 110**
**Houston, Texas 77002**
**713-236-1000**
**Fax No. 713-236-1809**
**STATE BAR NO. 10431500**
**Email: allenisbell@sbcglobal.net**

**COUNSEL ON APPEAL**

# NAMES AND ADDRESSES OF ALL PARTIES
# AT THE TRIAL COURT'S FINAL JUDGMENT

Trial Judge

    Honorable Catherine Evans, Visiting Judge Presiding
    180th District Court
    1201 Franklin, 18th Fl., Houston, Texas 77002

Appellant/Defendant

    Mr. Ismael Trevino
    #01915338
    Garza West Unit, 4250 Hwy. 202, Beeville, Texas 78102

Appellant's Counsel

    Mr. Allen C. Isbell - Counsel on Appeal
    2016 Main St., Suite 110, Houston, Texas 77002

    Mr. Raul Rodriguez - Counsel Attorney at Trial
    3801 Barnett St., Houston, Texas 77017

Attorneys for the State of Texas

    Mr. Alan Curry - Assistant District Attorney on Appeal
    1201 Franklin, Ste. 600, Houston, Texas 77002

    Mr. Cory Scott - Assistant District Attorney at Trial
    1201 Franklin, 6th Fl., Houston, Texas 77002

## TABLE OF CONTENTS

**PAGE**

Names and Addresses of All Parties at the Trial Court's Final Judgment
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

Index of Authorities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iv

Statement Regarding Oral Argument . . . . . . . . . . . . . . . . . . . . . . . . iv

Statement of the Case . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Statement of Procedural History . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

**Ground for Review**
**Whether the Court of Appeals Opinion Is Correct That the Sufficiency of the Evidence Is Measured by an Indictment Which Has Been Impermissibly Amended on the Day of Trial, Rather than by the Original Unamended Indictment, Unless the Accused Objects to the Impermissibly Amended Indictment? . . . . . . . . 1-2**

Brief Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Conclusion and Prayer . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Certificate of Service . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Certificate of Compliance . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

# INDEX OF AUTHORITIES

**CASES**                                                                                    **PAGE**

*Curry v. State*, 305 S.W.3d 394 (Tex.Crim.App. 2000)  . . . . . . . . . . . . . 2-3


**STATUTES**

*Texas Rules of Appellate Procedure*, Rule 66.3(c)  . . . . . . . . . . . . . . . . . 3

*Texas Code of Criminal Procedure*, 28.10  . . . . . . . . . . . . . . . . . . . . . . . 2

*Texas Rules of Appellate Procedure*, Rule 33.1 . . . . . . . . . . . . . . . . . . . . 2

## STATEMENT REGARDING ORAL ARGUMENT

Oral argument is waived.

**TO THE HONORABLE COURT OF CRIMINAL APPEALS:**

COMES NOW ISMAEL TREVINO, appellant in the above entitled and numbered cause, by and through his appointed counsel, ALLEN C. ISBELL, and petitions the Court of Criminal Appeals to review the opinion by the Fourteenth Court of Appeals, and respectfully shows this Court the following in support of his petition.

## Statement of the Case

This appeal is from a conviction for Aggravated Assault of a Household Member arising out of the 180th District Court of Harris County, Texas, the Honorable Catherine Evans, Visiting Judge Presiding. The jury found appellant guilty. The jury assessed punishment at twenty-seven (27) years imprisonment in the Texas Department of Criminal Justice, Institutional Division.

## Statement of Procedural History

The Fourteenth Court of Appeals handed down an opinion affirming the conviction on July 23, 2015. Appellant filed a Motion for Extension of Time to file the petition. This petition is filed within the time allowed by law.

## Ground for Review

**Whether the Court of Appeals Opinion Is Correct That the Sufficiency of**

**the Evidence Is Measured by an Indictment Which Has Been Impermissibly Amended on the Day of Trial, Rather than by the Original Unamended Indictment, Unless the Accused Objects to the Impermissibly Amended Indictment?**

### Brief Argument

On appeal, appellant argued that because the State amended the indictment on the day trial began, which is a legally prohibited act under the *Texas Code of Criminal Procedure*, 28.10, the amendment was a legal nullity. If the amended indictment is a legal nullity, the only valid indictment was the unamended, original indictment. Consequently, the sufficiency of the evidence should be reviewed by the allegations in the unamended, original indictment, not by the legally impermissible amended indictment.

The Court of Appeals held that appellant failed to meet the preservation requirements of *Texas Rules of Appellate Procedure*, Rule 33.1 by failing to object to the erroneous amendment. The Court of Appeals relied on *Curry v. State*, 305 S.W.3d 394 (Tex.Crim.App. 2000), in which the accused objected when the trial court permitted the State to amend the indictment after the trial had commenced.

*Curry v. State* does not answer the question raised in this appeal

because the accused in *Curry* objected. In *Curry,* the Court of Criminal Appeals' opinion did not discuss whether an objection is required because that issue was not before the Court.

The Court of Criminal Appeals should address the issue raised in this case: whether an impermissible amendment to an indictment on the day of trial is legal nullity, and if it is a legal nullity, should the sufficiency of the evidence be measured by the original unamended indictment? *Texas Rules of Appellate Procedure,* Rule 66.3(c).

## Conclusion and Prayer

Appellant prays that this Court grant his Petition for Discretionary Review. Following the grant of review, appellant prays that this Court reverse the judgment of the Court of Appeals and remand the case to that Court for a proper analysis of the issues.

Respectfully submitted,

*/s/ Allen C. Isbell*
ALLEN C. ISBELL
2016 Main St., Suite 110
Houston, Texas 77002
713-236-1000
Fax No. 713-236-1809
STATE BAR NO. 10431500
Email: allenisbell@sbcglobal.net

COUNSEL ON APPEAL

## Certificate of Service

I hereby certify that on this 3rd day of September, 2015, a true and correct copy of the foregoing was sent to the District Attorney's Office, Appellate Division, to the State Prosecuting Attorney and to Mr. Ismael Trevino, appellant.

*/s/ Allen C. Isbell*
ALLEN C. ISBELL

## Certificate of Compliance

The undersigned attorney on appeal certifies this petition is computer generated and consists of 956 words. Counsel is relying on the word count provided by the Word Perfect computer software used to prepare the petition.

*/s/ Allen C. Isbell*
ALLEN C. ISBELL

Affirmed and Opinion filed July 23, 2015.



In The

# Fourteenth Court of Appeals

## NO. 14-14-00262-CR

**ISMAEL TREVINO, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 180th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1416917**

## O P I N I O N

A jury convicted appellant Ismael Trevino of aggravated assault of a household member and assessed punishment at twenty-seven years' confinement. *See* Tex. Penal Code Ann. § 22.02(a)(b)(1). In two issues, appellant contends (1) the evidence is legally insufficient to prove that the complainant was a member of appellant's family, and (2) appellant suffered egregious harm from an allegedly erroneous jury instruction that authorized a conviction if appellant assaulted a member of appellant's household.

The resolution of both of appellant's issues depends on the alleged voidness of the amendment of the indictment on the day of trial, before jury selection, to replace the word "family" with the word "household" when describing appellant's relationship with the complainant.[1]  Appellant contends the hypothetically correct jury charge for measuring the sufficiency of the evidence would require proof that the complainant was a member of appellant's family as alleged in the original indictment because the amendment was "void"; and appellant contends the jury charge was erroneous because it authorized a conviction if the State proved that the complainant was a member of appellant's household.  It is undisputed that there is evidence the complainant was a member of appellant's household and not a member of appellant's family.

We first address whether the amended indictment was void and then address appellant's two issues.  Ultimately, we affirm the trial court's judgment.

## I.    AMENDED INDICTMENT WAS NOT VOID

Amendments to indictments are governed by Article 28.10 of the Texas Code of Criminal Procedure.  *See* Tex. Code Crim. Proc. Ann. art. 28.10.  A plain reading of the statute does not contemplate the amendment of an indictment on the day of trial prior to the commencement of the trial.  *See Sodipo v. State*, 815 S.W.2d 551, 556 n.3 & n.4 (Tex. Crim. App. 1990) (op. on reh'g).  Thus, a trial court errs by allowing the State to amend the indictment on the day of trial before jury selection.  *See id.* at 555–56; *see also Hicks v. State*, 864 S.W.2d 693, 694 (Tex. App.—Houston [14th Dist.] 1993, no pet.) ("The Court of Criminal Appeals

---

[1] It is undisputed that the State sought and obtained leave to amend the indictment about two weeks before trial, but the State failed to physically amend the indictment at that time.  We do not reach the State's argument that obtaining leave, itself, constituted an amendment of the indictment under *Perez v. State*, 429 S.W.3d 639 (Tex. Crim. App. 2014).  *See* Tex. R. App. P. 47.1.

2

has construed Article 28.10 to be an absolute prohibition against amendments to the indictment on the day of trial before the commencement [of] the trial on the merits.").

However, a defendant waives this error by failing to object to the amendment. *Sodipo*, 815 S.W.2d at 556 (citing *State v. Murk*, 815 S.W.2d 556 (Tex. Crim. App. 1991)). In *Murk*, the Court of Criminal Appeals held that the defendant waived this error by not complaining about the error at trial, citing the predecessor to Rule 33.1 of the Texas Rules of Appellate Procedure. *See Murk*, 815 S.W.2d at 558; *see also* Tex. R. App. P. 33.1.

If a complaint regarding the amendment of the indictment on the day of trial may be waived by failing to preserve error in the trial court, such an amendment is merely voidable—it is not void. *See Ex parte Patterson*, 969 S.W.2d 16, 19–20 (Tex. Crim. App. 1998) (holding that when the indictment is voidable, rather than void, the defendant must object to the indictment to prevent waiver of the error).

Having determined that the amended indictment was not void, we now address appellant's two issues.[2]

## II.    SUFFICIENCY OF THE EVIDENCE MEASURED BY AMENDED INDICTMENT

In his first issue, appellant contends the evidence is insufficient to prove his guilt under the hypothetically correct jury charge based on the original indictment.

---

[2] Appellant does not contend that he objected to the trial court's allowing the indictment to be amended, nor does he assert that the amendment itself created reversible error. The record reflects that when the trial court asked the State if it was amending the indictment on the first day of trial before jury selection, appellant's trial counsel responded, "And, Judge, I have to objection to that." The trial court said, "Very good, thank you." In his brief, appellant adds the word "(sic)" after the first use of the word "to," and appellant argues that the amended indictment was void "even if trial counsel expressed no objection." The State similarly asserts that appellant's counsel actually stated he had "no objection."

3

The sufficiency of the evidence is measured against the hypothetically correct jury charge, which is a charge "authorized by the indictment." *Curry v. State*, 30 S.W.3d 394, 404 (Tex. Crim. App. 2000). When an appellate court concludes that an indictment has been erroneously amended over the defendant's objection, "the hypothetically correct jury charge must be one which is authorized by the original indictment, not the amended indictment." *Id.*

However, in *Curry* the defendant objected to the amendment, and the Court of Criminal Appeals reviewed the merits of the preserved error before addressing the sufficiency of the evidence in light of the original indictment. *See id.* at 397 (noting objection); *id.* at 398–403 (reviewing amendment error).

Appellant cites no authority to suggest that this court should review the sufficiency of the evidence based on the original indictment when the defendant fails to preserve error related to the amendment of the indictment, and we have found none. Nothing in *Curry* suggests that the court would have referred to the original indictment even if the defendant had failed to preserve error related to the amendment.

Here, because the amendment was not void, the hypothetically correct jury charge should be based on the amended indictment, which alleged that the complainant was a member of appellant's household. But appellant does not challenge the sufficiency of the evidence under the amended indictment; he challenges only the sufficiency of the evidence of the complainant's status as a member of appellant's family. Because appellant has not challenged the sufficiency of the evidence to support his conviction under the amended indictment, we overrule his first issue.[3]

---

[3] The State does not contend that any variance between the original indictment and evidence at trial regarding the complainant's status as a family or household member was

### III. JURY CHARGE DETERMINED BY AMENDED INDICTMENT

In his second issue, appellant contends he suffered egregious harm because the trial court charged the jury pursuant to the amended indictment, rather than the original indictment.

Generally, a jury charge "must not enlarge the offense alleged and authorize the jury to convict the defendant on a basis or theory permitted by the jury charge but not alleged in the indictment." *Castillo v. State*, 7 S.W.3d 253, 258 (Tex. App.—Austin 1999, pet. ref'd) (collecting cases).[4] And, "an ***unobjected-to and unwaived*** submission of an unindicted offense in the jury charge followed by a conviction of that offense meets *Almanza*'s 'egregious harm' standard." *Woodard v. State*, 322 S.W.3d 648, 658 (Tex. Crim. App. 2010) (emphasis added). But, the "right to a grand jury indictment under state law is a waivable right." *Id.* at 657.

As discussed above, error related to the amendment of an indictment is "waived by the defendant failing to object at trial to such amendment." *Sodipo*, 815 S.W.2d at 556. As discussed above, because the amendment in this case was not void, appellant waived the error by failing to object and obtain a ruling. *See* Tex. R. App. P. 33.1. Therefore, we use the amended indictment for purposes of analyzing appellant's second issue.

The jury charge accurately followed the amended indictment, which alleged that the complainant was a member of appellant's household. The trial court did not err by submitting a jury charge in accordance with the amended indictment.

---

immaterial for purposes of a sufficiency analysis, so we do not reach that potential issue. *See generally Gollihar v. State*, 46 S.W.3d 243, 256–58 (Tex. Crim. App. 2001) (discussing material variance doctrine; holding that immaterial variances are disregarded under the hypothetically correct jury charge).

[4] Again, the State does not contend that any variance between the indictment and jury charge related to the complainant's status as a family member or household member was immaterial. *See supra* note 3.

5

We overrule appellant's second issue.

## IV. CONCLUSION

Having overruled both of appellant's issues, we affirm the trial court's judgment.

/s/        Sharon McCally
               Justice

Panel consists of Chief Justice Frost and Justices Boyce and McCally.

Publish — Tex. R. App. P. 47.2(b).