

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-17-00354-CR
## NO. 02-17-00355-CR

OLIVER WESLEY EVANS, JR.                                          APPELLANT

V.

THE STATE OF TEXAS                                                    STATE

----------

### FROM THE 432ND DISTRICT COURT OF TARRANT COUNTY
### TRIAL COURT NOS. 1458253D, 1458254D

----------

## MEMORANDUM OPINION[1]

----------

Oliver Wesley Evans, Jr. appeals his convictions for credit-card abuse and for fraudulent use or possession of identifying information. *See* Tex. Penal Code Ann. §§ 32.31, 32.51 (West 2016). In two issues, he argues that the indictments in each case were fatally flawed because they did not allege a culpable mental state and therefore did not vest the trial court with jurisdiction. We will affirm.

---

[1]*See* Tex. R. App. P. 47.4.

## Background

A grand jury indicted Evans for credit-card abuse and for fraudulent use or possession of identifying information. The credit-card-abuse indictment[2] alleged that Evans

> [i]n the County of Tarrant, State of Texas, did with the intent to fraudulently obtain a benefit, present or use a credit card, namely a Capital One credit card with the knowledge that said card had not been issued to [him], and with the knowledge that said card was not used with the effective consent of Jack Chester, the cardholder[.]

The indictment for fraudulent use or possession of identifying information alleged that Evans

> [i]n the County of Tarrant, State of Texas, did . . . with intent to harm or defraud another, obtain, possess[,] transfer, or use identifying information of another person, without the person's consent, and the type of information, name of the owner of such identifying information, and number of items, is as follows:
>
> 1. The financial institution account number of Jack Chester,
> 2. The financial institution account number of Tracy Petty, [and]
> 3. The financial institution account number of Judith Baty[.]

Each indictment also included an enhancement paragraph alleging that Evans was convicted of possession of more than 28 grams but less than 200 grams of codeine in May 2012 and was convicted of possession of more than 4 grams but less than 200 grams of cocaine in February 2005. Evans did not move to quash or otherwise object to the indictment.

---

[2]The quoted portions of the indictments in each case are in all capital letters. For readability, we are not repeating that format.

Evans pleaded guilty to each offense without a sentence bargain or a charge bargain. At the sentencing hearing's conclusion, the trial court found Evans guilty of both offenses, found the enhancement paragraph alleged in each indictment true, and sentenced him to 30 months' confinement for each offense, with the sentences to run concurrently. Evans appealed.

**Discussion**

In his two issues, Evans alleges that both indictments failed to allege a culpable mental state: the credit-card-abuse indictment did not allege that Evans intentionally or knowingly presented or used the credit card, and the indictment for fraudulent use or possession of identifying information did not allege that he intentionally or knowingly obtained, possessed, transferred, or used the identifying information. Evans argues that because of these omissions, the indictments were fatally flawed and therefore insufficient to invoke the trial court's jurisdiction.

An indictment suffices to vest a trial court with jurisdiction over a case if it charges a person with an identifiable offense over which the trial court has subject-matter jurisdiction. *See Teal v. State*, 230 S.W.3d 172, 179–81 (Tex. Crim. App. 2007). A defendant must object to any other defect, error, or irregularity of form or substance in the indictment before the trial begins, or else he waives and forfeits the right to object to the defect, error, or irregularity and cannot raise the objection on appeal. *See* Tex. Code Crim. Proc. Ann.

3

art. 1.14(b) (West 2005). Failing to allege a culpable mental state is a defect of substance. *See State v. Murk*, 815 S.W.2d 556, 557–58 (Tex. Crim. App. 1991).

The indictments here sufficiently charged Evans with an identifiable offense over which the trial court had jurisdiction: one charges him with the offense of credit-card abuse and the other charges him with the offense of fraudulent use or possession of identifying information.[3] *See Teal*, 230 S.W.3d at 179–81. Evans forfeited any other alleged error in the indictment—including any claimed failure to allege a culpable mental state—by failing to object to it before the start of trial.[4] *See id.* at 181–82 (holding that when the indictment was sufficient to vest the trial court with jurisdiction, defendant waived his argument that the indictment was flawed for failing to allege a culpable mental state by not objecting before the trial started); *Piland v. State*, 453 S.W.3d 473, 479–80 (Tex. App.—Texarkana 2014, pet. ref'd) (concluding that by failing to raise the issue in the trial court, defendant waived complaint that the indictment was defective

---

[3]Each indictment tracks the statutory language for the offense charged. *See* Tex. Penal Code Ann. §§ 32.31(b)(1)(A), 32.51(b)(1). Criminal district courts have original jurisdiction over felony criminal cases. Tex. Code Crim. Proc. Ann. art. 4.05 (West 2015); *see* Tex. Const. art. V, § 8 (setting out jurisdiction of district courts). Each offense as charged was a state-jail felony enhanced to a second-degree felony punishment range. *See* Tex. Penal Code Ann. § 12.425(b) (West Supp. 2017), §§ 32.31(d), 32.51(c)(1).

[4]Additionally, as part of his pleas, Evans waived all his rights—whether of form, substance, or procedure—under code of criminal procedure article 1.14. Tex. Code Crim. Proc. Ann. art. 1.14.

4

because it did not allege mens rea). Accordingly, we overrule Evans's two issues.

## Conclusion

Having overruled Evans's two issues, we affirm the trial court's judgments.

/s/ Elizabeth Kerr
ELIZABETH KERR
JUSTICE

PANEL:  MEIER, GABRIEL, and KERR, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  August 16, 2018

5