**DENIED and Opinion Filed November 4, 2019**



**In The**

# Court of Appeals
# Fifth District of Texas at Dallas

**No. 05-19-00922-CV**

### IN RE MUAMAR ASAD SAYYED, Relator

**Original Proceeding from the 219th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 380-82405-07**

# MEMORANDUM OPINION

Before Justices Myers, Molberg, and Nowell
Opinion by Justice Myers

In this original proceeding, relator has filed a petition for writ of mandamus requesting the Court to compel the trial court to rule upon and grant relator's April 26, 2019 "Motion to Vacate the Void Order to Amend the Indictment Nunc Pro Tunc." Secondarily, relator contends we should grant mandamus relief because the trial court's order to amend the indictment is void. We deny relief.

In 2008, a jury convicted relator of theft of property with a value of at least $20,000 but less than $100,000. On direct appeal, this Court affirmed his conviction. *See Sayyed v. State*, No. 05-08-01198-CR, 2009 WL 2884168 (Tex. App.—Dallas Sept. 10, 2009, pet. ref'd) (not designated for publication). In his direct appeal, relator complained the trial court had not given him ten days to prepare after it allowed the State, over his objection, to amend the indictment on the day of trial to allege a different complainant. *See id.* 2009 WL 2884168, at *7. We overruled

relator's issue because relator's trial objection—that the new alleged complainant had no right to the property—did not request additional time to prepare for trial. *See id*.

In the present case, relator's motion to vacate the order amending the indictment, as he explains at length in his petition, seeks to compel the trial court to overturn the order amending the indictment on the ground the order is void. Relator has not, however, provided a sufficient record to show his entitlement to mandamus relief from this Court.

To establish a right to mandamus relief, relator must show that the trial court violated a ministerial duty and there is no adequate remedy at law. *In re State ex rel. Weeks*, 391 S.W.3d 117, 122 (Tex. Crim. App. 2013) (orig. proceeding). To show his entitlement to mandamus relief compelling a trial court to rule on his motion, relator must show (1) the trial court had a legal duty to rule on the motion, (2) relator requested a ruling on the motion, and (3) the trial court failed or refused to rule on the motion. *In re Prado*, 522 S.W.3d 1, 2 (Tex. App.—Dallas 2017, orig. proceeding); *In re Molina*, 94 S.W.3d 885, 886 (Tex. App.—San Antonio 2003, orig. proceeding) (per curiam). As the party seeking relief, the relator has the burden of providing the Court with a sufficient mandamus record to establish his right to mandamus relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding).

Rule 52.3(k)(1)(A) requires the relator to file an appendix with his petition that contains "a certified or sworn copy of any order complained of, or any other document showing the matter complained of." TEX. R. APP. P. 52.3(k)(1)(A). Rule 52.7(a)(1) requires the relator to file with the petition "a certified or sworn copy of every document that is material to the relator's claim for relief that was filed in any underlying proceeding." TEX. R. APP. P. 52.7(a)(1).

Relator asks this Court to compel the trial court to rule upon his motion to vacate, but he has not filed a copy of the motion to vacate with his petition.[1]  Moreover, although relator states he has filed "repeated requests" to rule on the motion by letters to the trial court and the trial court clerk and by filing "his other petition," there are no documents before this Court showing relator has requested a ruling on the motion or called the trial court's attention to the motion.

Without certified or sworn copies of the motion to vacate and documents showing he requested a ruling, relator cannot establish the trial court had a legal duty to rule on the motion and thus violated a ministerial duty.  *See Prado*, 522 S.W.3d at 2; *In re Butler*, 270 S.W.3d 757, 758–59 (Tex. App.—Dallas 2008, orig. proceeding).  We conclude relator has failed to show the trial court has a ministerial duty to rule on his motion to vacate.

Relator's petition also asserts, without regard to his motion, that mandamus should issue to compel the trial court to overturn the order amending the indictment on the ground the order is void.  A trial court has a ministerial duty to vacate a void order.  *In re Paxton*, No. 05-17-00507-CV, 2017 WL 2334242, at *5 (Tex. App.—Dallas May 30, 2017, orig. proceeding).  A trial court's order is void if the record shows the trial court had no jurisdiction over the parties, no jurisdiction of the subject matter, no jurisdiction to enter the order, or no capacity to act as a court.  *See id*. at *3.  Mandamus is an appropriate remedy if a trial court issues an order without jurisdiction.  *Id*.

The trial court errs when it amends an indictment on the day of trial over the defendant's objection, but the error generally does not render the order amending the indictment void.  *See Trevino v. State*, 470 S.W.3d 660, 662 (Tex. App.—Houston [14th Dist.] 2015, pet. ref'd) (trial court erred in amending indictment on date of trial, but error rendered amendment voidable rather than void); *see also Trejos v. State*, 243 S.W.3d 30, 42 (Tex. App.—Houston [1st Dist.] 2007, pet.

---

[1] Relator asked that we also consider the exhibits attached to his petition for writ of mandamus in an earlier proceeding.  *See In re Sayyed*, No. 05-19-00289-CV, 2019 WL 1323975 (Tex. App.—Dallas Mar. 25, 2019, orig. proceeding).  We have reviewed those exhibits in the interest of justice, and the motion to vacate is not among them.  We note that the earlier mandamus proceedings took place in March 2019, before relator filed his motion to vacate in April 2019.

ref'd) (holding indictment not void where it failed to charge murder victim's name in second paragraph, and trial court erred by amending indictment to add victim's missing name on day of trial over defendant's objection). Because the order is not void, we cannot conclude relator has shown the trial court failed to perform a ministerial duty to vacate a void order as he claims. Thus, we conclude relator is not entitled to mandamus relief.

We deny relator's petition for writ of mandamus.


/Lana Myers/
LANA MYERS
JUSTICE


190922F.P05